IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLORADO

Case No. 1:11-cv-02632-CMA-MEH

BARBARA CHURCH, Individually, and as
Personal Representative of the Estate of
William Church,

   Plaintiff,
v.

DANA KEPNER COMPANY, INC.

   Defendant.

## DANA KEPNER'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

Pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6), Defendant Dana Kepner Company, Inc. (Dana Kepner), through counsel, moves to dismiss Plaintiff's First Amended Complaint and Jury Demand. In support, Dana Kepner states:

### INTRODUCTION

This is an asbestos product liability action. Plaintiff Barbara Church (Plaintiff) alleges that her husband, William Church (Decedent), contracted fatal mesothelioma as a result of his exposure to asbestos cement pipe distributed (but not manufactured or designed) by Dana Kepner. Plaintiff brings four claims for relief under Colorado law: (1) Negligence; (2) Strict Liability; (3) Common Scheme and Plan; and (4) Wrongful Death. Plaintiff's claims should be dismissed because she cannot state a claim upon which relief can be granted.

Plaintiff's claims against Dana Kepner are an attempt to circumvent the proper channels for relief against the manufacturer of the asbestos-containing products. Colorado has codified an "innocent seller" statute which precludes product liability actions like this one against sellers like Dana Kepner. To survive application of the innocent seller statute, Plaintiff must establish that she cannot obtain jurisdiction over the manufacturer of the allegedly injurious products – or – that Dana Kepner had actual knowledge of the product defect about which Plaintiff complains. Plaintiff cannot establish either exception in this case because claims can, in fact, be asserted against the manufacturer at fault and because she has not alleged facts to plausibly establish that Dana Kepner had actual knowledge of the product defect at issue. The innocent seller statute requires dismissal of Plaintiff's entire First Amended Complaint ("Am. Compl.").

Moreover, with regard to Plaintiff's third claim, conspiracy, Plaintiff has failed to plead facts from which the Court can plausibly infer that Dana Kepner took any unlawful, overt action in furtherance of the alleged conspiracy or that it participated in or ratified any agreement among Johns Manville (and others) to unlawfully suppress the dangers of asbestos exposure.

Finally, as a result of the foregoing, Plaintiff's fourth claim for "wrongful death" does not state a cognizable claim under Colorado law and should be dismissed.

## **RELEVANT FACTUAL ALLEGATIONS**[1]

Decedent worked for LDB Drainlaying and Frontier Pipeline in the Denver area from 1977 through 1982. (Am. Compl. ¶¶ 11 & 16.) In connection with his work, Decedent was exposed to asbestos-containing dust. (Am. Compl. ¶¶ 14 & 18.) Decedent died from asbestos-related mesothelioma. (Am. Compl. ¶ 8.) Plaintiff alleges claims in her personal capacity and in her capacity as personal representative of Decedent's estate. (Am. Compl. ¶ 3.)

Dana Kepner is a Colorado-based distributor of water works supplies, *e.g.*, pipe, valves, fire hydrants. Dana Kepner's predecessor supplied asbestos cement pipe used by Decedent or his coworkers. (Am. Compl. ¶¶ 10 & 17.) The asbestos cement pipe sold by Dana Kepner was manufactured by Johns Manville. (Am. Compl. ¶¶ 8, 9 & 15.) Johns Manville filed for bankruptcy protection and as part of the bankruptcy, future asbestos suits against Johns Manville were enjoined. (Am. Compl. ¶ 24.)

## **STANDARD OF REVIEW**

A Rule 12(b)(6) motion tests whether a complaint "is legally sufficient to state a claim . . . ." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003). To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must include 'enough facts to state a claim to relief that is plausible on its face.'" *TON Servs., Inc. v. Qwest Corp.*, 493 F.3d 1225, 1236 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 571-72 (2007)); *see also Ivar v. Elk River Partners, LLC*, 705 F. Supp. 2d

---

[1] The following factual allegations are taken from the First Amended Complaint and accepted as true solely for purposes of this Motion.

3

1220, 1226-27 (D. Colo. 2010). To state a plausible claim, a complaint must contain well-pleaded facts, not mere recitals of the elements of a claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).

Although courts should assume the factual allegations in a complaint are true for purposes of Fed. R. Civ. P. 12(b)(6), "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 129 S. Ct. at 1949; *see also Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010) (affirming dismissal under Fed. R. Civ. P. 12(b)(6)). "Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ivar*, 705 F. Supp. 2d at 1227 (citing and quoting *Iqbal*, 129 S. Ct. at 1949)).

Finally, "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

## ARGUMENT

### I.   APPLICABLE LAW – THE INNOCENT SELLER STATUTE

Under C.R.S. § 13-21-402(1), "[n]o product liability action shall be commenced or maintained against any seller of a product unless said seller is also the manufacturer of said product or the manufacturer of the part thereof giving rise to the product liability action." C.R.S. § 13-21-402(1) (the "innocent seller statute").[2] The statute defines

---

[2] Colorado's product liability statute defines "product liability action" to include:

> any action brought against a manufacturer or seller of a product, regardless of the substantive legal theory or theories upon which the action is brought, for or on account of personal injury, death, or property damage caused by or resulting from the manufacture, construction, design, formula, installation, preparation,

4

"manufacturer" as, "a person or entity who designs, assembles, fabricates, produces, constructs, or otherwise prepares a product or a component part of a product prior to the sale of the product to a user or consumer. The term includes any seller who has actual knowledge of a defect in a product . . . ." C.R.S. § 13-21-401(1).

"Seller," is defined as "any individual or entity, including a manufacturer, wholesaler, distributor, or retailer, who is engaged in the business of selling or leasing any product for resale, use, or consumption." C.R.S. § 13-21-401(3). "If jurisdiction cannot be obtained over a particular manufacturer of a product or a part of a product alleged to be defective then that manufacturer's "principal distributor or seller" will be deemed a "manufacturer" for purposes of a product liability action. C.R.S. § 13-21-402(2).

Thus, the innocent seller statute precludes a product liability action against the seller, unless the claimant can show (1) that she cannot obtain jurisdiction over the manufacturer or (2) that the seller had "*actual* knowledge" of a product defect. C.R.S. § 13-21-401(1) (emphasis added). *See also Shaw v. General Motors Corp.,* 727 P.2d 387, 390 (Colo. App. 1986) (granting summary judgment in favor of dealership when plaintiff alleged defect claims relating to dump truck); *see also Deacon v. American Plant Food Corp.*, 782 P.2d 861, 863 (Colo. App. 1989) *rev'd on other grounds sub nom., Stone's Farm Supply, Inc. v. Deacon*, 805 P. 2d 1109 (Colo. 1991).

---

      assembly, testing, packaging, labeling, or sale of any product, or the failure to warn or protect against a danger or hazard in the use, misuse, or unintended use of any product, or the failure to provide proper instructions for the use of any product.

C.R.S. § 13-21-401(2).

5

## II.  PLAINTIFF'S AMENDED COMPLAINT SHOULD BE DISMISSED BECAUSE DANA KEPNER IS PROTECTED BY THE INNOCENT SELLER STATUTE

Plaintiff does not assert that Dana Kepner designed, assembled, fabricated, produced, constructed, or otherwise prepared any of the asbestos cement pipe or related warnings at issue in this case. Plaintiff alleges that Johns Manville manufactured the products and Dana Kepner merely supplied or distributed the products. (*See* Am. Compl. ¶ 8 and 15.)[3] Thus, Plaintiff concedes that Dana Kepner is not a manufacturer under C.R.S. § 13-21-401, *et seq*. Accordingly, Dana Kepner is a "seller" under Colorado law unless Plaintiff cannot obtain jurisdiction over Johns Manville or plead enough facts to make it plausible to believe that Dana Kepner had actual knowledge of that Johns Manville asbestos cement pipe had a defective warning.  As shown below, Plaintiff cannot establish either exception.

### A. Plaintiff Can Obtain Jurisdiction Over Johns Manville For Purposes Of The Innocent Seller Statute.

Regarding Plaintiff's negligence claim, Plaintiff does not allege facts with respect to jurisdiction and Johns Manville to escape the application of the innocent seller statute. Thus, dismissal is required on her first claim for negligence[4].

The allegations supporting her remaining claims are also deficient. Plaintiff alleges: "Jurisdiction cannot be obtained over Johns Manville Corporation because on December 22, 1986, the United States Bankruptcy Court for the Southern District of

---

[3] Plaintiff does not direct her claims for relief against any other manufacturer of asbestos-containing products.

[4] Plaintiff does not incorporate her allegations regarding jurisdiction and Johns Manville into her first claim. Accordingly, this claim is easily dismissed under the innocent statute.

6

New York permanently enjoined any party from naming Johns Manville Corporation in any asbestos related action." (Am. Compl. ¶ 24.)

However, the fact that Johns Manville filed for bankruptcy does not lead to the legal conclusion that jurisdiction cannot be obtained over Johns Manville. *See Bond v. E.I. Du Pont De Nemours & Co.*, 868 P.2d 1114, 1117-17 (Colo. App. 1993) (refusing to treat seller as manufacturer under innocent seller statute when manufacturer filed for bankruptcy).

The Court may also take judicial notice of the fact that the Johns Manville's bankruptcy court issued an injunction barring suits against Manville's insurers channeling all claims by potential claimants to the Manville Personal Injury Settlement Trust for the express purpose of compensating persons injured by exposure to Manville's asbestos-containing products. *See Kane v. Johns-Manville Corp.,* 843 F.2d 636 (2d Cir. 1988) (describing the Manville bankruptcy and trust).[5] The Johns Manville trust still operates today and Plaintiff has not identified any plausible reason why she cannot file a claim for payment from the trust or otherwise state a claim against the trust in this Court. *See, e.g., Collins v. Manville Personal Injury Settlement Trust*, 2002 U.S. Dist. LEXIS 13676 (E.D.N.Y. July 8, 2002). Thus, this is not a case in which the purpose of the statute is to provide relief to a Plaintiff who would otherwise be left without a remedy against the actual manufacturer of the product. *Cf. In re New York City*

---

[5] Ordinarily, courts may not consider facts outside the pleadings when deciding a motion under Fed. R. Civ. P. 12(b)(6). However, courts can consider facts subject to judicial notice, *e.g.*, public records and court proceedings, without converting the motion to dismiss into a motion for summary judgment. *See Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1278 n. 1 (10th Cir.2004)

*Asbestos Litig.*, 670 N.Y.S.2d 735, 737 (N.Y. Sup. Ct. 1998) (noting that bankrupt entities are subject to suit but refusing to reduce the share of liability under New York law because "jurisdiction would not be effective to process the claim"). Indeed, in her prior California product liability lawsuit,[6] Plaintiff obtained jurisdiction over a number of manufacturers, including J-M Manufacturing Company, Inc., the company that purchased the pipe manufacturing assets of the Johns Manville Corporation in 1982, and Mueller, the company that allegedly manufactured the tapping tool used by Plaintiff on the pipes. (*See* Complaint, attached as **Exhibit A**.)

Further, the plain language of the innocent seller statute does not permit Plaintiff to sue Dana Kepner. Some states have explicitly listed insolvency as a basis to avoid application of the innocent seller doctrine, but Colorado's innocent seller statute does not contain similar language. *Compare* N.C. Gen. Stat. § 99B-2 and Del. Code 18 § 7001 *with* C.R.S. § 13-21-402. Thus, unlike other states, Colorado's innocent seller statute does not permit a claimant to sue an innocent seller based solely on insolvency of the manufacturer. *See* C.R.S. § 13-21-402; *see United States v. Goldbaum,* 879 F.2d 811, 813 (10th Cir.1989) ("As a general principle of statutory interpretation, if a statute specifies exceptions to its general application, other exceptions not explicitly mentioned are excluded."). Colorado's statute is more likely intended to prevent the scenario that occurs when an injured claimant cannot obtain relief because the claimant cannot obtain personal jurisdiction over a foreign defendant. *See, e.g.*, *Asahi Metal Indus, Co.*

---

[6] *Church v. Asbestos Corp., Ltd., et al.*, No. RG09434913, Alameda County Sup. Ct. The Court may similarly take judicial notice of Plaintiff's lawsuit. *Id.*

8

*v. Superior Court*, 480 U.S. 102 (1987) (holding that California court lacked jurisdiction over foreign defendant in personal injury case).

Here, the Court should apply the innocent seller statute because the Colorado legislature intended to shield Dana Kepner from liability for a product it did not manufacture, design, or produce.

      B.     <u>Plaintiff Has Not Pleaded Facts Making It Plausible To Believe That Dana Kepner Had Actual Knowledge Of The Alleged Defects.</u>

Plaintiff has also failed to plead any facts that would allow her to establish the "actual knowledge" exception to the innocent seller statute.[7]

To hold a seller liable as a manufacturer under the "knowledge" provision of C.R.S. § 13-21-401(1), Plaintiff must plausibly establish that Dana Kepner had "actual knowledge of a defect in a product." *Ryder v. City of Topeka*, 814 F.2d 1412, 1418 (10th Cir. 1987).

Plaintiff has not done so here. Plaintiff has not, for example, pleaded that Dana Kepner had any role in the packing or labeling of the products, that Dana Kepner had any part in selecting or specifying the asbestos cement pipe ordered by LDB or Frontier, or that Dana Kepner received information regarding the particular defects alleged by Plaintiff prior to selling the products to Decedent's employers. *See, e.g., Bullock v. Daimler Trucks N. Am., LLC*, 2010 U.S. Dist. LEXIS 32225, *7-*9 (D. Colo. Mar. 30,

---

[7] As noted above, with regard to her negligence claim, Plaintiff has not alleged a single fact (see ¶¶ 1-22) that would allow her to avoid the innocent seller statute. Thus, Dana Kepner is a seller for purposes of this claim and should be dismissed pursuant to the innocent seller statute.

2010) (granting summary judgment in favor of innocent seller); *Zapien v. Home Depot, USA, Inc.*, 2010 U.S. Dist. LEXIS 91397, *6-*9 (same).

Plaintiff can do no more than allege – "on information and belief" – that Johns Manville provided printed product information to Dana Kepner describing the "dangerous characteristics" of asbestos cement pipe. (Am. Compl. ¶ 29.)  But, even assuming (because it was not alleged) that Dana Kepner read or reviewed this product information, the Johns Manville literature would only have provided Dana Kepner with knowledge of the dangerous characteristics of asbestos in a general sense. Plaintiff has not pleaded how the publications would have given Dana Kepner *actual* knowledge of Johns Manville's inadequate warnings.[8]

Plaintiff's attempt to impute knowledge to Dana Kepner from entries in the Federal Register (Am. Compl. ¶ 31) also fails to survive Fed. R. Civ. P. 12(b)(6). Dana Kepner (like Plaintiff) may be presumed to know the law, but constructive knowledge of the Federal Register does not equate to actual, specific, knowledge of a defective warning. First, Plaintiff has not alleged that Dana Kepner had *actual* knowledge of the Federal Register entries at issue and, thus, cannot plausibly establish it knew of the inadequate warnings.  *See* footnote 8.  Second, the Federal Register notices ultimately established standards for *acceptable* levels of asbestos exposure, but did not ban the use of asbestos or prohibit exposure to asbestos in general.  *See* 37 Fed.Reg. 293993

---

[8] The Federal Register notices cited by Plaintiff do not set forth a standard for warnings to be included on asbestos cement pipe.

(June 7, 1972). Thus, Plaintiff has not demonstrated that Dana Kepner had actual knowledge of the defects that form the basis of this lawsuit.

Further, Plaintiff's assertion that the inadequacy of Johns Manville's warnings was "self-evident" begs the question, and does not plausibly demonstrate that Dana Kepner had *actual* (as opposed to constructive) knowledge of the alleged defects in the Johns Manville warning. (Am. Compl. ¶ 30.) Surely, if the inadequacy of the warning was, as Plaintiff alleges, "self-evident," Decedent (and his employers and the manufacturers, etc.) would have realized the inadequacy of the warning, as well.

Accordingly, Plaintiff cannot survive application of the innocent seller statute, and the Court should dismiss Plaintiff's First Amended Complaint.

### III.  PLAINTIFF'S CONSPIRACY CLAIM SHOULD BE DISMISSED UNDER FED. R. CIV. P. 9(b) and 12(b)(6).

Plaintiff has failed to plead with particularity a conspiracy under Colorado law. "To establish a civil conspiracy in Colorado, a plaintiff must show: (1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) an unlawful overt act; and (5) damages as to the proximate result." *Nelson v. Elway*, 908 P.2d 102, 106 (Colo. 1995). Courts should not infer the agreement necessary to state a conspiracy claim. *Id.* To state a claim for civil conspiracy, Plaintiff "must allege specific facts showing agreement and concerted action among the defendants." *Durre v. Dempsey*, 869 F.2d 543, 545 (10th Cir. 1988). In addition, Plaintiff must allege facts that show that Dana Kepner agreed to do something in furtherance of the conspiracy, *knowing* of its improper purpose. *Powell Products, Inc. v. Marks*, 948 F. Supp. 1469, 1480 (D. Colo. 1996)(emphasis added). Further, since

11

Plaintiff's alleged conspiracy was a conspiracy to defraud, she must comply with Fed. R. Civ. P. 9(b) by stating with particularity, the alleged fraud. Fed. R. Civ. P. 9(b).

Here, Plaintiff alleges that Dana Kepner conspired to fraudulently suppress information regarding the dangers of asbestos. Am. Compl. ¶ 40. However, Plaintiff has not alleged that Dana Kepner took any unlawful overt act in furtherance of the conspiracy. Rather, Plaintiff merely alleges that – *after* Johns Manville (and others) concealed the health risks of asbestos fibers – Dana Kepner "advanced the goals" of the conspiracy by virtue of its distribution of Johns Manville's asbestos cement pipe without adequate warnings. Am. Compl. ¶ 41.

Thus, Plaintiff's conspiracy claim is premised on the notion that Dana Kepner participated in a conspiracy to fraudulently conceal information that began decades before the relevant time period in this lawsuit by merely selling Johns Manville pipe. Indeed, while Plaintiff nakedly asserts that Dana Kepner "agreed and conspired" to conceal information from the decedent by committing a list of "wrongful acts," none of the 34 acts referenced in the Amended Complaint mentions Dana Kepner. *See* Am. Compl ¶ ¶ 40a-ii. In doing so, Plaintiff has not identified any action or inaction by Dana Kepner that would have the effect of suppressing information about the dangers of asbestos. For example, Plaintiff has not alleged that Dana Kepner was involved in or even aware of the medical studies described by Plaintiff, present at any of the meetings of the conspirators, a member of a trade associations referenced, or present when any of the "agreements" to suppress information were made. *See* Am. Compl. ¶ ¶ 40a-ii. At most, as Plaintiff alleges, Dana Kepner breached a duty to Decedent and/or Plaintiff by

unknowingly passing along Johns Manville's defective product and warnings. Am. Compl. ¶ 29. However, Dana Kepner's sales alone are insufficient to constitute an unlawful overt act in furtherance of the (past) conspiracy. *See Elway*, 908 P.2d at 106. Selling pipe from 1978-82 does not constitute an act in furtherance of a cover-up perpetrated in the 1930s – 50s. *Magin v. DVCO Fuel Systems, Inc.*, 981 P.2d 673, 674-75 (Colo. App. 1999). Importantly "persons or parties may not be held liable for doing in a proper manner that which they had a lawful right to do." *Id.* at 675 (citation omitted).[9]

Accordingly, Plaintiff has not plausibly established an overt, unlawful act necessary to state a conspiracy claim against Dana Kepner.

Similarly, Plaintiff has not alleged facts which plausibly show that Dana Kepner came to an "agreement" or meeting of the minds with other conspirators regarding the alleged suppression of information concerning asbestos. *Cohen v. Busch*, 2010 U.S. Dist. LEXIS 63072, 27-28 (D. Colo. May 10, 2010) citing *Baker v. Smith*, 771 F. Supp. 1156, 1158 (D. Kan. 1991) (principal element of conspiracy is an agreement to inflict a wrong upon another). *See Elway*, 908 P.2d at 106. "[t]he court will not infer the agreement necessary to form a conspiracy; evidence of such a conspiracy must be presented by the plaintiff"). As explained above, Plaintiff's conspiracy claim rests on the unsupported allegation that Dana Kepner's distribution of Johns Manville asbestos cement pipe from 1978-82 is tantamount to its knowledge, participation and agreement to suppress medical evidence from the 1930s and 50s. Plaintiff must present actual

---

[9] In addition, the "secret" nature of the conspiracy to sell asbestos without adequate warnings disappeared, as the Plaintiff alleges, after a Federal Register notice warned the public of the dangers of exposure to asbestos. Am. Compl. ¶ 31.

13

evidence of an agreement, but she has failed to do so here. *See, e.g. id.*; *Scott v. Hern*, 216 F.3d 897, 918 (10th Cir. 2000) (affirming dismissal of conspiracy claim under Fed. R. Civ. P. 12(b)(6) when claimant failed to show agreement); *Hawkinson v. A.H. Robins Co.*, 595 F. Supp. 1290, 1314-15 (D. Colo. 1984) (rejecting conspiracy claim in products liability action when claimants failed to show agreement between defendant and others to market, advertise, or sell allegedly defective product).

Therefore, Plaintiff's conspiracy claim fails as a matter of law.

### IV.  PLAINTIFF'S WRONGFUL DEATH CLAIM SHOULD BE DISMISSED.

Plaintiff's "wrongful death" claim is premised on the success of her negligence and products liability claims. Because Plaintiff's negligence and products liability claims fail as a matter of law, her wrongful death claim that Dana Kepner committed a felonious killing likewise fails as a matter of law.

DATED: February 16, 2012.

Respectfully submitted,

*/s/ Elizabeth H. Getches*
Elizabeth H. Getches (#34898)
Moye White LLP
16 Market Square,
1400 16th Street, 6th Floor
Denver, CO 80202-1473
Telephone:  (303) 292-2900
FAX: (303) 292-4510
E-mail: liza.getches@moyewhite.com

*Attorneys for Defendant
Dana Kepner Company, Inc.*

14

## CERTIFICATE OF SERVICE (CM/ECF)

      I hereby certify that on February 16, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addressees:

| | |
|---|---|
| Sean M. Lyons, Esq. | Michael O'Brien Keating, Esq. |
| Scott M. Hendler, Esq. | Deirdre E. Ostrowski, Esq. |
| Hendlerlaw, P.C. | KEATING WAGNER POLIDORI FREE, P.C. |
| 1301 W. 25th Street, Suite 400 | 1290 Broadway, Suite 600 |
| Austin, TX 78705 | Denver, CO 80203 |
| | |
| Tel.: (512) 439-3200 | Tel.: (303) 534-0401 |
| FAX: (512) 439-3201 | FAX: (303) 534-8333 |
| | |
| slyons@hendlerlaw.com | mkeating@keatingwagner.com |
| shendler@hendlerlaw.com | deo@keatingwagner.com |
| | |
| *Attorneys for Plaintiff* | *Attorneys for Plaintiff* |

                                                     s/ *Deanna S. Colvin*
                                                     Deanna S. Colvin

01298497.DOC:3