## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
## Judge Christine M. Arguello

Civil Action No. 11-cv-02632-CMA-MEH

BARBARA CHURCH, Individually, and as Personal Representative
of the Estate of William Church,

    Plaintiff,

v.

DANA KEPNER COMPANY, INC.,

    Defendant.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

This matter is before the Court on the Motion to Dismiss filed by Defendant Dana Kepner Company, Inc. (Doc. # 15.) In this asbestos product liability action, Plaintiff Barbara Church brings claims against Defendant for negligence, strict liability, conspiracy, and wrongful death arising from the demise of her husband, William Church ("Church"), who, after a career laying pipes, including asbestos cement pipes that Defendant sold, died of asbestos-related mesothelioma. Subject-matter jurisdiction is proper under 28 U.S.C. § 1332 (diversity jurisdiction). For the reasons discussed below, Defendant's motion is denied.

## I. BACKGROUND[1]

For several years in the 1970s and 1980s, Church worked with asbestos cement pipes manufactured by Johns Manville. (Doc. # 10 at 3-4.) During those years, Church received substantial and sustained exposure to asbestos dust, which ultimately caused his death. (*Id.* at 5-6.) Defendant supplied roughly 90% of the asbestos piping Church used, and all of that piping had been manufactured by the Johns Manville company. (*Id.* at 5.) After Church's exposure to the asbestos, Johns Manville filed for bankruptcy protection and, as part of the bankruptcy, future asbestos suits against Johns Manville were enjoined. (*Id.* at 8.) On October 7, 2011, Plaintiff brought this suit in her personal capacity and in her capacity as personal representative of Church's estate. (*Id.* at 2.) Defendant's motion is ripe for review.[2]

## II. STANDARD OF REVIEW

The purpose of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim is to test "the sufficiency of the allegations within the four corners of the complaint." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). A complaint will survive such a motion only if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). For a motion to dismiss, "[t]he question is whether, if the allegations are true, it is plausible

---

[1] Unless otherwise noted the following facts are taken from Church's Amended Complaint. (*See* Doc. # 10.) Additional facts will be discussed when the Court addresses the claims to which they pertain.

[2] Plaintiff responded on March 12, 2012 (Doc. # 18), and Defendant replied on March 29, 2012 (Doc. # 19).

2

and not merely possible that the plaintiff is entitled to relief under the relevant law." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1192 (10th Cir. 2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks and citation omitted).

In reviewing a Rule 12(b)(6) motion, a court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Williams v. Meese*, 926 F.2d 994, 997 (10th Cir. 1991). Nevertheless, a complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

### III. **DISCUSSION**

In its motion to dismiss, Defendant asserts two primary arguments. First, Defendant argues that Plaintiff did not allege sufficient facts to establish jurisdiction over Defendant under Colorado's Innocent Seller Statute, Colo. Rev. Stat. § 13-21-402, and that, therefore, all of Plaintiff's claims should be dismissed. (Doc. # 15 at 4-11.) Second, Defendant asserts that, even if Plaintiff can bring suit against Defendant, she failed to state a civil conspiracy claim under Colo. Rev. Stat. § 13-21-111.5(4) and, thus,

that claim should be dismissed. (Doc. # 15 at 11-14.) The Court will address both of these arguments, in turn, below.

**A.     THE INNOCENT SELLER STATUTE**

Under Colorado law, "[n]o product liability action shall be commenced against any seller of a product unless said seller is also the manufacturer of said product . . . ." Colo. Rev. Stat. § 13-21-402(1). A "manufacturer" is defined as "a person or entity who designs, assembles, fabricates, produces, constructs, or otherwise prepares a product . . . prior to the sale of the product to a user or consumer," but the term also includes "any seller who has actual knowledge of a defect in a product." Colo. Rev. Stat. § 13-21-401(1). Additionally, Colorado law provides that "[i]f jurisdiction cannot be obtained over a particular manufacturer of a product . . . alleged to be defective, then that manufacturer's principal distributor or seller over whom jurisdiction can be obtained shall be deemed . . . the manufacturer of the product." Colo. Rev. Stat. § 13-21-402(2). Accordingly, as stated by Defendant, "the innocent seller statute precludes a product liability action against the seller, unless the claimant can show (1) that she cannot obtain jurisdiction over the manufacturer or (2) that the seller had 'actual knowledge' of a product defect." (Doc. # 15 at 5.) Because Plaintiff adequately alleges that Defendant had actual knowledge of asbestos-related defects in the pipes it sold, Plaintiff's action has been properly commenced against Defendant and, therefore, the Court need not address Defendant's argument that it cannot be deemed the manufacturer of the asbestos pipes because Plaintiff can still obtain jurisdiction over Johns Manville.

> Among other factual allegations in her Amended Complaint, Plaintiff asserts that:
>
> By 1977, when William Church's exposure to Johns Manville asbestos cement pipe distributed by Dana Kepner began, Defendant Dana Kepner already had actual knowledge that Johns Manville asbestos cement pipe was unreasonably dangerous because of . . . defects in design, manufacturing and/or marketing. Dana Kepner possessed actual knowledge prior to 1977 because Johns Manville informed Dana Kepner of these risks and the character of the Johns Manville asbestos cement pipe Dana Kepner sold and distributed on Johns Manville's behalf.
>
> Upon information and belief, beginning in at least 1972 and continuing thereafter until 1981, Johns Manville transmitted information regarding the hazardous characteristics of asbestos cement pipe through memorandum printed product information and other materials provided to the distributors and sellers of Johns Manville asbestos cement pipe, including Dana Kepner that gave Dana Kepner actual knowledge of the unreasonably dangerous characteristics of Johns Manville asbestos cement pipe.

(Doc. # 10 at 10-11.) These allegations – that Defendant actually knew of design, manufacturing, and/or marketing defects in the asbestos pipes it sold based on information Johns Manville conveyed to it – easily satisfy Plaintiff's burden of pleading facts that, as a seller, Defendant "ha[d] actual knowledge of a defect in [the] product." Colo. Rev. Stat. § 13-21-401(1).

Defendant's arguments do not lead to a contrary conclusion. For example, Defendant argues that Plaintiff fails to state a claim because she did not plead "that Dana Kepner had any role in the packing or labeling of the products [or] that Dana Kepner had any part in selecting or specifying the asbestos cement pipe ordered by LDB or Frontier [the companies for whom Church worked] . . . ." (Doc. # 15 at 9.) Whether Defendant had any role in packing, labeling, selecting, or specifying the

asbestos pipes is irrelevant if, for other reasons (such as having been informed by Johns Manville, as Plaintiff alleges), Defendant had actual knowledge of a defect in the product it sold.  Further, Defendant's assertion that Plaintiff fails to plead "that Dana Kepner received information regarding the particular defects alleged by Plaintiff prior to selling the products to Defendant's employers" (*id.*) is without merit, as the indented quote above illustrates.  Likewise, Defendant's assertion that, even if Plaintiff's allegations were true, the information conveyed by Johns Manville "would only have provided Dana Kepner with knowledge of the dangerous characteristics of asbestos **in a general sense**" (*id.* at 10 (emphasis added)) is erroneous in light of Plaintiff's allegations that Johns Manville informed Defendant of the unreasonably dangerous characteristics – including risks stemming from design, manufacturing, and/or marketing defects – **of the asbestos cement pipes it sold**.

Finally, and perhaps most problematic for Defendant, is its assertion – echoed in similar statements, and citations to cases granting summary judgment for defendants under the Innocent Seller Statute, elsewhere in its briefing – that "Plaintiff has not demonstrated that Dana Kepner had actual knowledge of the defects that form the basis of this lawsuit." (*Id.* at 11.)  At the motion to dismiss stage, Plaintiff is not required to demonstrate, nor would it be feasible for her to do so in the absence of any discovery, that Defendant actually knew of defects in the product it sold.  Instead, as she has, Plaintiff must only plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also, e.g.*, *Breaux v. Am. Family Mut. Ins. Co.*,

554 F.3d 854, 862 (10th Cir. 2009) (quoting Fed. R. Civ. P. 8(a)(2) for the familiar proposition that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief"). To require otherwise – by demanding that Plaintiff prove or "demonstrate" her claims at this point in the litigation – would be to move up the trial to the pleadings stage which, it should go without saying, the law does not permit. *See, e.g.*, *Qwest Corp. v. Colorado Div. of Property Taxation*, --- P.3d ---, 2011 WL 3332876, at *7 (Colo. App. Aug. 4, 2011) ("dismissal for failure to state a claim affords no opportunity to present evidence necessary to meet this burden, and pleading at this level of detail would be contrary to the principle of notice pleading"), *cert. granted*, No. 11SC669, 2012 WL 1940812, at *1 (Colo. May 29, 2012) (unpublished). Accordingly, under Colo. Rev. Stat. § 13-21-401(1), Plaintiff has adequately alleged that Defendant had actual knowledge of a defect in the asbestos pipes it sold.[3]

---

[3] The Court rejects Defendant's argument that "with regard to her negligence claim, Plaintiff has not alleged a single fact . . . that would allow her to avoid the innocent seller statute [and] [t]hus, Dana Kepner is a seller for purposes of this [negligence] claim and should be dismissed pursuant to the innocent seller statute." (Doc. # 15 at 9 n.7.) While Defendant is correct that Plaintiff does not incorporate her allegations regarding the Innocent Seller Statute into her first (negligence) claim for relief, she incorporates her first claim into her second claim, where she sets forth those allegations. (*See* Doc. # 10 at 7.) Defendant cites no authority, nor is the Court aware of any, requiring subsequent claims to be incorporated into previous ones. To the contrary, and for obvious reasons, incorporating previous claims into later ones is the prevailing practice, at least in this Court's experience. In any event, the Court finds that Plaintiff's incorporation of her first claim for relief into her second claim allows her Innocent Seller Statute arguments to be applied to her negligence claim with as much force as they are to her other claims. Any other result would be inconsistent with the principles of notice pleading discussed in the text above.

Further, because Defendant has failed to persuade the Court to dismiss Plaintiff's first or second claims, for negligence and strict liability, respectively, the Court necessarily rejects Defendant's lone argument regarding Plaintiff's wrongful death claim – *i.e.*, that it "likewise fails as a matter of law" because it "is premised on the success of [Plaintiff's] negligence and products liability claims." (Doc. # 15 at 14.)

B.   **CONSPIRACY CLAIM**

Under Colo. Rev. Stat. § 13-21-111.5(4), "[j]oint liability shall be imposed on two or more persons who consciously conspire and deliberately pursue a common plan or design to commit a tortious act." However, "section 13-21-111.5(4) does not set forth every element of the tort of civil conspiracy." *Zielger v. Inabata of Am., Inc.*, 316 F. Supp. 2d 908, 918 (D. Colo. 2004). Instead, and as recognized by both parties, "to establish a civil conspiracy in Colorado, a plaintiff must show: (1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) an unlawful overt act; and (5) damages as to the proximate result." *Nelson v. Elway*, 908 P.2d 102, 106 (Colo. 1995) (citing *Jet Courier Serv., Inc. v. Mulei*, 771 P.2d 486, 502 (Colo. 1989)). (*See* Docs. ## 15 at 11 (citing *Elway*) and 18 at 12 (citing *Mulei*).)[4]

Under § 13-21-111.5(4), "evidence of an express agreement is unnecessary." *Loughride v. Goodyear Tire & Rubber Co.*, 192 F. Supp. 2d 1175, 1186 (D. Colo. 2002) (citing *United States v. Fox*, 902 F.2d 1508, 1515 (10th Cir. 1990), for the proposition that "by their very nature conspiracies are often provable only by circumstantial evidence"). Rather, the evidence must reveal only "some indicia of an agreement sufficient to prove that the defendants consciously conspired and deliberately pursued a common plan or design that resulted in a tortious act." *Resolution Trust Corp. v. Heiserman*, 898 P.2d 1049, 1057 (Colo. 1995). Further, "both negligent and intentional

---

[4]   Defendant does not assert that Plaintiff fails to allege the first or fifth elements of a conspiracy claim. As such the Court will not address those elements here.

acts are sufficient to give rise to joint liability for purposes of section 13-21-111.5(4)." *Id.*; *see also, e.g.*, *Schneider v. Midtown Motor Co.*, 854 P.2d 1322, 1327 (Colo. App. 1992) ("the tort of negligent entrustment can constitute the predicate 'tortious act' required to establish joint liability pursuant to § 13-21-111.5(4)").

In the instant case, Plaintiff alleges that "Johns Manville, Defendant Dana Kepner[,] and other co-conspirators, individually and as agents of one another and as co-conspirators . . . agreed and conspired among themselves . . . to deliberately and recklessly conceal from persons such as William Church the health risks of inhaling dangerous and toxic asbestos fibers . . . ." (Doc. # 10 at 15-16.) Plaintiff further alleges that Defendant participated in the conspiracy by "distributing Johns Manville asbestos cement pipe without adequate warnings to end users of the unreasonably dangerous characteristics of the product and the propensity for respirable asbestos fibers to cause cancer. Dana Kepner benefitted and profited from the goal of the common scheme and plan in that it distributed and sold Johns Manville asbestos cement pipe for a profit, a principal goal of the common scheme and plan." (*Id.* at 28.)

These allegations, as well as others in Plaintiff's extensive factual narrative (Doc. # 10 at 15-31), are sufficient, even under the heightened pleading standards of Fed. R. Civ. P. 9(b), to state a civil conspiracy claim. Plaintiff pleads an "object to be accomplished" and "an unlawful overt act" by alleging that Defendant sought to conceal the health risks of asbestos, and in fact did so, by selling and distributing asbestos pipes without adequate warnings despite having had actual knowledge of the unreasonably dangerous characteristics of the pipes. Moreover, Plaintiff has alleged facts giving rise

9

to at least "some indicia of an agreement" between Defendant and other alleged coconspirators, especially Johns Manville, by asserting that Defendant entered into and maintained distribution agreements with Johns Manville to distribute and sell asbestos pipes without adequate warnings, notwithstanding information that Johns Manville had conveyed to it regarding defects in the pipes. *See, e.g.*, *Schneider*, 854 P.2d at 1327 (denying defendant dealership's summary judgment motion and finding its "actions of repeatedly selling cars to [an] unlicensed motorist" even though it believed him to be a "crazy driver" presented a genuine dispute of material fact as to whether dealership and its agents maintained tacit agreement for purposes of civil conspiracy liability).[5]

      The Court again finds Defendant's arguments to the contrary unpersuasive. Defendant asserts that, according to Plaintiff's allegations, Defendant "[a]t most . . . breached a duty to Decedent and/or Plaintiff by unknowingly passing along Johns Manville's defective product warnings." (Doc. # 15 at 12-13.) As already indicated, however, Plaintiff pled facts to support its allegation that Defendant's actions occurred despite actual knowledge it possessed regarding asbestos-related defects in the pipes it sold. For the same reason, the Court rejects Defendant's assertion that "the most Plaintiff has alleged was that Dana Kepner sold asbestos cement pipe." (Doc. # 19 at 10.) Finally, although Defendant cites authority to support its position that "Plaintiff must allege facts that show that Dana Kepner agreed to do something in furtherance of

---

[5] Defendant asserts that Plaintiff has not presented "actual evidence" to support her allegations regarding Defendant's agreement with other alleged coconspirators. (*See* Doc. # 15 at 13-14.) However, for reasons already discussed, Plaintiff cannot be expected to have, let alone put on, evidence at this stage of the proceedings. Determining whether Plaintiff can support her allegations with evidence must await the summary judgment stage or trial – that is, some point in the proceedings after discovery has occurred.

the conspiracy, *knowing* of its improper purpose" (Doc. # 15 at 11, citing *Powell Prods., Inc. v. Marks*, 948 F. Supp. 1469, 1480 (D. Colo. 1996)), the Court agrees with Plaintiff's assessment that conduct beyond mere negligence – including, perhaps, "fraudulent concealment, willful and wanton conduct, and recklessness" (Doc. # 10 at 28) – will be implicated if Plaintiff can prove her claims.  Accordingly, Plaintiff has successfully stated a civil conspiracy claim under Colo. Rev. Stat. § 13-21-111.5(4).

## IV.  **CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss (Doc. # 15) is DENIED.

DATED:  September __16__, 2012

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge