IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02632-CMA-MEH

BARBARA CHURCH, individually, and
BARBARA CHURCH, as Personal Representative of the Estate of William Church,

    Plaintiffs,

v.

DANA KEPNER COMPANY, INC.,

    Defendant.

## ORDER ON MOTION TO QUASH

**Michael E. Hegarty, United States Magistrate Judge**.

Plaintiffs' Motion to Quash Defendant's Subpoenas ... [filed October 30, 2012; docket #42] is **granted** as follows.

It appears the Defendant served a subpoena duces tecum on October 19, 2012 upon the Custodian of Records for Waterous Company in St. Paul, Minnesota. *See* docket #42-2. The subpoena is issued from this District and is signed by Defendant's counsel. *Id.* In the subpoena, Defendant seeks copies of settlement agreements and any information reflecting settlement payments between the Plaintiff Barbara Church or the decedent William Church, and the recipient of the subpoena. *Id.* at 9. Plaintiffs seek to quash the subpoena on the grounds that the information sought is confidential and has no bearing on this lawsuit.

The general rule is that a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege or upon a showing that there is a privacy interest applicable. *Windsor v. Martindale,* 175 F.R.D. 665, 668 (D. Colo. 1997)*; see also Broadcort Capital Corp. v.*

*Flagler Securities, Inc.,* 149 F.R.D. 626 (D. Colo. 1993). Because it appears that the subpoenaed documents may contain confidential information belonging to the Plaintiffs, the Court finds they have made the requisite showing to demonstrate standing.

The basic requirements for issuing a subpoena state that a subpoena must issue "from the court for the district where the production or inspection is to be made." Fed. R. Civ. P. 45(a)(2)(C); *United States ex rel. Pogue v. Diabetes Treatment Ctrs. of America, Inc.*, 444 F.3d 462, 468 (6th Cir. 2006). Plaintiff has issued a subpoena from the District of Colorado for production of documents located in St. Paul, Minnesota. This fundamental flaw requires that the subpoena be quashed, because this Court has no authority to enforce such a subpoena. *See Morris v. Sequa*, 275 F.R.D. 562, 566 (N.D. Ala. 2011) (affirming validity of subpoenas issued by plaintiffs from districts in which the requested documents were located); *Hallamore Corp. v. Capco Steel Corp.*, 259 F.R.D. 76, 79 (D. Del. 2009) ("Typically, a subpoena for production of documents must issue from the district where the documents are located."); *Falicia v. Advanced Tenant Servs.*, 235 F.R.D. 5, 11 (D.D.C. 2006) (finding that the court in Washington, D.C. could not issue a subpoena that required production in Maryland); *Highland Tank & Mfg. Co. v. PS Int'l, Inc.*, 227 F.R.D. 374, 381 (W.D. Pa. 2005) ("a district court cannot issue a subpoena ... to a non-party for the production of documents located in another district")[1] (quoting *Anderson v. Government of Virgin Islands*, 180 F.R.D. 284, 289 (D.V.I. 1998)); *Anderson v. Old Nat'l Bancorp.*, No. 02-CV-00324-R, 2011 WL

---

[1]The court in *Highland Tank* notes persuasively that "the language of Rule 45 requiring that the production of documents shall be issued from the court in which the records are to be produced should be read concurrently with the underlying purposes of Rule 45." *Highland Tank*, 227 F.R.D. at 381 n.10. The *Highland Tank* court concludes that Rule 45's purposes in protecting the nonparty witness and protecting the interest that an issuing court has in the enforcement of a subpoena both justify requiring that a subpoena issue from the district in which requested documents are located.

4543194, at *4 (W.D. Ky. Sept. 28, 2011) (same).

Accordingly, for the reasons stated above, it is hereby ORDERED that Plaintiffs' Motion to Quash Defendant's Subpoenas ... [filed October 30, 2012; docket #42] is **granted**, and the subpoena served on the Custodian of Records for Waterous Company in St. Paul, Minnesota is **quashed**.[2]  Nothing in this order prevents the Defendant from serving a subpoena properly in accordance with Fed. R. Civ. P. 45(a)(2)(C), the Court's orders and all other applicable rules.

Dated at Denver, Colorado, this 31st day of October, 2012.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

---

[2] The Plaintiffs mention that Defendant has served similar subpoenas upon other third parties; however, the Plaintiffs neither identify nor produce copies of such subpoenas for the Court's consideration here.