IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02632-CMA-MEH

BARBARA CHURCH, individually, and
BARBARA CHURCH, as Personal Representative of the Estate of William Church,

    Plaintiffs,

v.

DANA KEPNER COMPANY, INC.,

    Defendant.

---

## ORDER ON MOTIONS TO COMPEL AND TO QUASH
---

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court is Defendant's Motion to Compel [filed November 2, 2012; docket #46] and Plaintiffs' Motions to Quash Subpoenas and for Protective Order of Confidential Settlement Agreements [filed November 13, 2012; dockets ##54, 55, 56, 57 and 58]. The matters are briefed and have been referred to this Court for disposition. Oral argument would not materially assist the Court in adjudicating the motions. For the reasons that follow, the Court **grants in part** and **denies in part** the motion to compel and the motions to quash as set forth herein.

**I.    Background**

    Plaintiffs initiated this action on October 7, 2011, then filed the operative First Amended Complaint on January 20, 2012 alleging generally that Defendant engaged in the manufacture, sale and/or distribution of cement pipe containing asbestos. William Church, husband to the Plaintiff, was a pipe layer and was allegedly frequently exposed to the asbestos pipe. Plaintiffs allege that Mr. Church contracted mesothelioma and died as a result of the asbestos exposure. Defendant initially

responded to the pleading with a motion to dismiss for failure to state a claim; however, Judge Arguello denied the motion and Defendant filed an Answer to the First Amended Complaint on October 1, 2012.

In its present motion, Defendant seeks an order compelling the Plaintiffs to provide information and documents concerning any settlement or judgment received as a result of a lawsuit Plaintiffs brought in California regarding the same issues/claims. Defendant also asks the Court to require Plaintiffs to respond fully to a request for admission that Mr. Church smoked cigarettes.

Plaintiffs bring their present motions to quash the subpoenas Defendant served on several companies who, apparently, were defendants in the California litigation. Defendant seeks the same information from these companies that it seeks to compel from Plaintiffs here. Plaintiffs also seek orders protecting them from the obligation to respond to Defendant's discovery requests, contending that the settlement information is protected by confidentiality agreements and, otherwise, is not relevant to the claims raised in this litigation. Plaintiffs further argue that whether Mr. Church smoked cigarettes is not relevant to their claims in this action.

**II.   Legal Standards**

With respect to Plaintiffs' motions to quash, the question initially is whether Plaintiffs have standing to file motions to quash the challenged subpoenas. The general rule is that a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege or upon a showing that there is a privacy interest applicable. *Windsor v. Martindale,* 175 F.R.D. 665, 668 (D. Colo. 1997)*; see also Broadcort Capital Corp. v. Flagler Securities, Inc.,* 149 F.R.D. 626 (D. Colo. 1993). Absent a specific showing of a privilege or privacy, a court cannot quash a subpoena served on a third party. Here, it is undisputed that the Plaintiffs and the subpoenaed parties entered into

confidential settlement agreements; thus, the Plaintiffs have made the requisite showing to demonstrate they have standing to move to quash Defendant's subpoenas.

Fed. R. Civ. P. 45(c)(3)(A) requires the Court to quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires excessive travel by a non-party; (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden.

As for Plaintiffs' request for protective orders, the decision to issue a protective order rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Such protection is warranted, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). A party seeking a protective order under Rule 26(c) cannot sustain the burden of demonstrating good cause merely by relying upon speculation or conclusory statements. *Tolbert-Smith v. Bodman*, 253 F.R.D. 2, 4 (D.D.C. 2008). The movant must show specific facts demonstrating that the challenged discovery will result in a clearly defined and serious injury to the party seeking protection. *Id.*; *see also Exum v. United States Olympic Comm.*, 209 F.R.D. 201, 206 (D. Colo. 2002).

In seeking protective orders, Plaintiffs primarily challenge the Defendant's discovery requests based upon relevance. *See* Plaintiffs' Third Amended Answers to Dana Kepner's First Set of Discovery Requests, docket #46-1. The scope of evidence that is subject to discovery under the federal rules is broad:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense - including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery

appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P 26(b)(1) (2012). The party objecting to discovery as irrelevant must establish that the requested discovery does not fall under the scope of relevance as defined in Fed. R. Civ. P 26(b)(1). *Simpson v. University of Colo.*, 220 F.R.D. 354, 359 (D. Colo. 2004).

However, the party moving to compel discovery must first prove that the opposing party's answers are incomplete. *Bayview Loan Servicing, LLC v. Boland*, 259 F.R.D. 516, 518 (D. Colo. 2009) (citing *Daiflon, Inc. v. Allied Chemical Corp.*, 534 F.2d 221 (10th Cir. 1976) ("appellees had the burden of proving the answer to their interrogatory was indeed incomplete")); *see also Continental Ins. Co. v. McGraw*, 110 F.R.D. 679, 682 (D. Colo. 1986) (the burden of proof lies with the proponent to prove answers are incomplete, inadequate, or false). Here, there is no dispute that Plaintiffs have objected to, but have neither answered, nor fully answered, Defendant's requests for settlement information and for an admission that Mr. Church smoked cigarettes.[1]

## III. Analysis

All present motions involve the production of information and documents concerning settlements between the Plaintiffs and the defendants in the California litigation. Objections to the disclosure of such information include privacy/confidentiality and relevance. In addition, the Plaintiffs challenge Defendant's request for admission that Mr. Church smoked cigarettes based upon relevance. Therefore, the Court will begin with an analysis of whether the settlement information is private and may not be disclosed pursuant to Rule 45, and if not private, whether the information may be protected pursuant to Rule 26. The Court will then proceed to determine

---

[1] These requests are made formally in Defendant's Interrogatory No. 29, Request for Production No. 10, and Request for Admission No. 8. *See* Defendant's Motion, docket #46 at 4.

4

whether Defendant's request for admission is relevant and discoverable.

### A. Confidentiality of Settlement Information

As set forth herein, Rule 45 allows a court to quash a subpoena only under certain circumstances. And, while the Plaintiffs have standing to move to quash the challenged subpoenas, they may do so only by challenging the disclosure of privileged or private information pursuant to Fed. R. Civ. P. 45(c)(3)(A)(iii). That is, Plaintiffs' only proper objection is that production of the information requested by the subpoenas (information and documents concerning settlements) requires disclosure of confidential private matters. *Windsor*, 175 F.R.D. at 668 (objections unrelated to a claim of privilege or privacy interest are not proper bases upon which a party may quash a subpoena). Therefore, any objections by the Plaintiffs as to the relevance of the subpoenaed information are improperly raised in the motions to quash.

However, the Plaintiffs also contend that the "Court should quash the subpoena ... under Federal Rule of Civil Procedure 45(c)(3)(A)(iii) because the settlement information sought by the defendant is subject to confidentiality provisions." *See* Motion, docket #54 at 3.[2] Plaintiffs cite to the Declaration of David Amell, who apparently represented the Plaintiffs in the California litigation. *Id.* Mr. Amell asserts that "[a]ny settlement agreements in the California Superior Court action were negotiated under an explicit, standing confidentiality agreement between the parties." Declaration, docket #54-3.

In opposing the motions to quash (concerning the privacy objection), Defendant refers to its motion to compel in which Defendant argues that confidentiality provisions and Rule 408 do not bar

---

[2]Plaintiffs make the same argument in each of the other present motions at page 3. *See* dockets ## 55, 56, 57 and 58.

discovery of settlement agreements, and that Plaintiff Barbara Church waived any objections to disclosure of confidential information by testifying during her deposition as to the approximate amounts of settlement with the California defendants. Defendant further asserts that any concerns the Plaintiffs may have as to maintaining confidentiality may be addressed in an order restricting use of the settlement information to this case only.

In this District, Magistrate Judge Boland has recognized the "substantial body of authority" holding that "documents are not immune from discovery merely because they are subject to contracts requiring that they be maintained confidentially." *Grynberg v. Total S.A.*, No. 03-cv-01280-WYD-BNB, 2006 WL 1186836, at *3 (D. Colo. May 3, 2006); *see also Adelman v. Boy Scouts of Am.*, 276 F.R.D. 681, 692 (S.D. Fla. 2011) ("Although parties and non-litigants ... may prefer anonymity, the understandable desire for privacy must give way to a litigating party's rights to discovery.") (citations and internal quotes and brackets omitted); *DIRECTV, Inc. v. Puccinelli,* 224 F.R.D. 677, 684-85 (D. Kan. 2004) ("a general concern for protecting confidentiality does not equate to privilege" which means that "information and documents are not shielded from discovery merely because they are confidential"); *Sonnino, M.D. v. Univ. of Kansas Hosp. Auth.*, 220 F.R.D. 633, 642 (D. Kan. 2004) ("It is well settled that a concern for protecting confidentiality does not equate to privilege, and that information and documents are not shielded from discovery on the sole basis that [ ] they are confidential").

Plaintiffs have provided no authority to the contrary, and the Court has found nothing controlling or persuasive opposing these holdings. Plaintiffs also do not dispute that Ms. Church testified in her deposition concerning the existence of and approximate amounts of settlements with the California defendants. Furthermore, Fed. R. Evid. 408 does not prohibit discovery of settlement

information in all circumstances. *See DIRECTV, Inc.*, 224 F.R.D. at 685 ("Rule 408 is a rule regarding admissibility and not discoverability"). Rather, Fed. R. Civ. P. 26(b)(1) governs the scope of discovery (*see id.*) and provides, in pertinent part, "For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."[3] Therefore, the Court **denies** Plaintiffs' motions to quash the challenged subpoenas based upon confidentiality objections, and proceeds to determine whether the settlement information is relevant for purposes of Plaintiffs' requests for protective orders and Defendant's motion to compel.

B.     Relevance of Settlement Information

The Court broadly construes relevancy, and a request for discovery should be considered relevant if it is possible that the information sought may be relevant to the claim or defense of any party. *Bonanno v. Quizno's Franchise Co.*, 255 F.R.D. 550, 552 (D. Colo. 2009). When the requested information appears to be relevant, the party objecting to the discovery has the burden to establish the information is irrelevant by demonstrating the information does not come within the scope of relevance as defined by Fed. R. Civ. P. 26(b)(1), or is of such marginal relevance that the harm in producing the information outweighs the presumption in favor of broad disclosure. *Id.*; *see*

---

[3] Defendant mentions that Rule 408 does not apply here because the settlement information will be used to demonstrate "witness bias." (Response, docket #62 at 4.) Defendant contends that Ms. Church testified that her husband's goal was to "nail Dana Kepner to the wall," and that the settlement agreements will help establish Plaintiff's bias. The Court disagrees. While Ms. Church's testimony might be useful in demonstrating bias or Ms. Church's alleged motivation to maximize her monetary recovery, the Court does not perceive how Defendant's knowledge of the settlement terms with the California defendants can assist in showing this alleged bias or motivation.

7

*also Simpson*, 220 F.R.D. at 359 (same).  "Conversely, when the request is overly broad on its face or when relevancy is not readily apparent, the party seeking the discovery has the burden to show the relevancy of the request."  *Hammond v. Lowe's Home Ctrs. Inc.*, 216 F.R.D. 666, 670 (D. Kan. 2003); *see also Bonnano*, 255 F.R.D. at 553.

The Court finds that the relevancy of settlement information in a separate case involving different defendants is not readily apparent in this case; therefore, Defendant has the burden to demonstrate the relevancy of its requests for settlement information from the California litigation as defined by Rule 26(b)(1).  *Bonnano*, 255 F.R.D. at 553.

Defendant contends that the settlement information is reasonably calculated to lead to the discovery of admissible evidence regarding apportionment of fault and calculation of damages, its "innocent seller" defense, and its res judicata defense.  Plaintiffs counter that the requested information will not be admissible for any of these purposes.

        1.        Apportionment of Fault and Calculation of Damages

Defendant argues that, pursuant to Colo. Rev. Stat. §§ 13-21-111 and 111.5, the jury in this case will be asked to apportion fault among all of the parties, including the defendants in the California litigation.  Defendant asserts that, without discovery into the terms of the California settlements, it and the Court are unable to assess whether, and by how much, the California settlements may reduce Defendant's liability in this case.

Plaintiffs counter that "[a]ll of the defendants from the California litigation that have been properly designated by the defendant as a nonparty will be represented on the verdict form, *see* Colo. Rev. Stat. § 13-21-111.5(3)(b), and the jury will be asked to decide the percentage of fault attributable to the defendant, the plaintiff and each of the properly designated nonparties, *see* Colo.

Rev. Stat. § 13-21-111.5(2)." Response, docket #63 at 1-2.

The Court agrees with Plaintiffs and finds that discovery of the California settlement terms will not lead to the discovery of evidence admissible for apportionment of fault and the calculation of damages in this case. The Colorado Supreme Court has specifically held that "the fact of a settlement, *but not the amount paid*, should be brought to the jury's attention, absent special circumstances." *Greenemeier v. Spencer*, 719 P.2d 710, 714 (Colo. 1986) (emphasis added). Here, Ms. Church has apparently testified that she settled with the defendants in the California litigation. Further, a jury award should be reduced not by the settlement amount itself, but only by the amount equivalent to the percentage of liability attributed to the settling nonparties. *Smith v. Zufelt*, 880 P.2d 1178, 1181 (Colo. 1994). Thus, because the jury will not be informed of any settlement amounts with nonparties, discovery of the settlement terms solely for the apportionment of fault will not lead to the discovery of evidence admissible at trial.

Citing *Greenemeier*, Defendant argues that the settlement terms are discoverable for the calculation of damages in this case. In *Greenemeier*, the court concluded that the trial court acted properly, with its knowledge that the plaintiffs settled with a nonparty for $100,000, in reducing the $58,000 jury award to zero. *Greenemeier*, 719 P.2d at 713-14. However, in coming to this conclusion, the court relied on a former version of Colo. Rev. Stat. § 13-50.5-105, the application of which required "either the settlement amount or the amount provided for in the settlement document, whichever is greater, must be deducted from the total judgment against the remaining tortfeasors." *Id.* at 713; *see also Smith*, 880 P.2d at 1185 ("[p]rior to 1986, the percentage statute provided that an award rendered against a nonsettling party be reduced by the amount paid in settlement by the joint tortfeasor.") (citing § 13-50.5-105). Section 13-50.5-105(1)(a) was

amended in 1987 to provide that a settlement with a nonparty at fault "reduces the aggregate claim against the others to the extent of any degree or percentage of fault or negligence attributable by the finder of fact, pursuant to section 13-21-111(2) or (3) or section 13-21-111.5, to the tortfeasor to whom the [settlement] is given." Thus, as set forth in the Colorado Supreme Court's later opinion in *Smith*, applying the amount of a non-party tortfeasor settlement to a damages calculation would "effectively reinstate the *pro tanto* reduction that was specifically abrogated in the 1986 amendment to [§13-50.5-105]." *Smith*, 880 P.2d at 1185. Accordingly, neither the jury nor the Court need know the amount of the settlements to apportion fault and/or to calculate damages in this case.

Defendant asserts that it needs to know the settlement amounts for each California defendant because the amounts would reflect the Plaintiffs' "ranking" of relative fault of the defendant manufacturers and distributors. However, Defendant concedes that in her deposition, Ms. Church "ranked the relative fault of various defendants from manufacturers (as being most culpable) to distributors to decedent's employer to decedent." Reply, docket #67 at 3. Defendant fails to explain why settlement amounts would further assist in the *jury's* determination of apportionment of fault.

Finally, citing Colo. Rev. Stat. § 13-21-111.6, Defendant contends that "the Court must take prior settlement amounts into its final judgment if Dana Kepner is found liable." Motion, docket #46 at 3. However, the Colorado Supreme Court specifically held in *Smith* that § 13-50.5-105, not § 13-21-111.6, applies to settlement agreements entered into to avoid exposure to liability at trial. *Smith*, 880 P.2d at 1183. Here, there is no indication that the California settlements were effected for any reason other than the desire to avoid trial.

The Court concludes that discovery of the amounts of settlements with the California defendants is not likely to lead to the discovery of evidence admissible for the apportionment of fault

and calculation of damages in this case. *See Smith*, 880 P.2d at 1187 ("Only two pieces of information are required to apply [§ 13-50.5-105]: the cumulative percentage of liability attributable to any settling nonparties and the total trial award for the plaintiff. The terms of the settlement agreement should be of no consequence.").

        2.    "Innocent Seller" Defense

Defendant contends that discovery of the settlement information will help it prove that Plaintiffs have previously obtained jurisdiction over, and recovered payments from, manufacturers of products allegedly sold by Defendant, which will be necessary to prove its "innocent seller" defense. Plaintiffs counter that Defendant can simply obtain evidence of jurisdiction from the Plaintiffs' complaint and the defendants' answers in the California litigation; the fact of a settlement itself does not make jurisdiction any more or less likely.

Colorado's "innocent seller" statute provides in pertinent part:

> No product liability action shall be commenced or maintained against any seller of a product unless said seller is also the manufacturer of said product or the manufacturer of the part thereof giving rise to the product liability action. Nothing in this part 4 shall be construed to limit any other action from being brought against any seller of a product.

Colo. Rev. Stat. § 13–21–402(1). As relevant here, the statute further provides:

> If jurisdiction cannot be obtained over a particular manufacturer of a product or a part of a product alleged to be defective, then that manufacturer's principal distributor or seller over whom jurisdiction can be obtained shall be deemed, for the purposes of this section, the manufacturer of the product.

Colo. Rev. Stat. § 13-21-402(2).

The Court concludes that discovery of the California settlement terms will not likely lead to discovery of evidence admissible to prove the innocent seller defense. Defendant may simply review the public documents filed in the California litigation to determine whether and over whom

the court had jurisdiction. Defendant provides no explanation for how discovery of the settlement payments can assist in determining the California court's jurisdiction over the defendants, and the Court can perceive none.

### 3. *Res Judicata* Defense

Defendant argues that the terms of the settlements with California defendants may reflect a release of claims against Defendant or the Plaintiffs' knowledge about Defendant and failure to name Defendant in the California litigation. Plaintiffs argue that Defendant has waived this defense by failing to assert it in the Answer and Motion to Dismiss. Defendant replies that it did, in fact, assert the defense in its Sixth Affirmative Defense of the Answer. Further, Defendant repeats that the settlement agreements may show the Plaintiffs knew of claims against Dana Kepner or Johns Manville, but failed to assert those claims in the California litigation.

First, the Court agrees that Defendant has asserted the defenses of claim preclusion and issue preclusion in its Sixth Affirmative Defense. Answer, docket #29 at 8. However, the Defendant fails to meet its burden to demonstrate that discovery of the California settlement agreements will likely lead to the discovery of evidence admissible to prove the res judicata defense. Defendant's assertion that these agreements *may* reflect a release of claims or Plaintiffs' knowledge of Defendant's potential liability is pure speculation. *See Spray Sys. Of Ariz., Inc. v. Lin-De, Ltd.*, No 98-1054, 1999 WL 147237, at *3 (10th Cir. March 18, 1999) ("... even circumstantial evidence must be relevant and must be based on more than surmise, speculation, or conjecture.") (citing *York v. AT&T*, 95 F.3d 948, 955 (10th Cir. 1996)). Defendant provides no basis for its assertion, and there is no indication that Plaintiffs, through their agreements, may have released a non-party having no participation in the litigation. Accordingly, the Court concludes that discovery of the California

settlement terms will not likely lead to discovery of evidence admissible to prove the res judicata defense.

4. "Fact of Settlement" vs. "Settlement Terms"

Defendant contends that Plaintiffs not only have withheld information concerning the California settlement terms, but also the fact of the settlements themselves. Plaintiffs do not dispute this contention. While the Court concludes that Defendant has failed to meet its burden to show the settlement terms are relevant and will **grant** Plaintiffs' motions for protective orders and **deny** Defendant's motion to compel accordingly, consistent with the holding in *Greenemeier*, 719 P.2d at 714, the Defendant has met its burden to demonstrate the relevance of the fact of the settlements; therefore, the Court **denies** Plaintiffs' motions for protective orders and **grants** Defendant's motion to compel the Plaintiffs to provide information concerning the fact of the settlements in the California litigation, including the identities of each defendant with whom the Plaintiffs (or Ms. Church) settled and the date of each settlement. Plaintiffs shall provide this information to the Defendant on or before January 16, 2013.

C. <u>Relevance of Request for Admission</u>

Defendant served upon Plaintiffs the following Request for Admission No. 16: "Admit that decedent smoked cigarettes." Motion, docket #46 at 11. Plaintiffs neither admitted nor denied the statement, but objected to the request as irrelevant. Defendant argues that the question of whether Mr. Church smoked cigarettes is relevant to the calculation of damages and to show Mr. Church's proclivity to follow warnings regarding hazardous materials. Plaintiffs counter that Defendant has no evidence for its theories nor an expert to testify regarding the theories. The Court agrees with Defendant and concludes that discovery of whether Mr. Church smoked cigarettes is reasonably

13

calculated to lead to the discovery of evidence admissible for the adjudication of the claims and defenses in this case. Defendant's motion to compel in this regard is **granted** and Plaintiffs shall respond to Defendant's Request for Admission No. 16 on or before January 16, 2013.

**III.    Conclusion**

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendant's Motion to Compel [filed November 2, 2012; docket #46] is **granted in part and denied in part** and Plaintiffs' Motions to Quash Subpoenas and for Protective Order of Confidential Settlement Agreements [filed November 13, 2012; dockets ##54, 55, 56, 57 and 58] are **granted in part** and **denied in part** as specified herein.  All requests for attorney's fees in this matter are denied.

Dated at Denver, Colorado, this 2nd day of January, 2013.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge